## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| BRUCE CHRISTOPHER COPE, | § | |
| IKE W. THRASH and LLDG | § | |
| AVALON, LLC | § | **PLAINTIFFS** |
| | § | |
| v. | § | CAUSE NO. 1:11cv192 LG-RHW |
| | § | |
| H. GRANVILLE SMITH, JR. | § | **DEFENDANT** |

### ORDER DENYING MOTION TO DISMISS OR STAY

BEFORE THE COURT is the Defendant's Motion [4] to Dismiss or Stay this lawsuit in favor of a similar lawsuit filed in Mobile County, Alabama Circuit Court. The issue has been fully briefed. After due consideration of the parties' submissions and the relevant law, it is the Court's opinion that the Motion should be denied.

### FACTS AND PROCEDURAL HISTORY

This case primarily involves a dispute between two members of Plaintiff LLDG Avalon, LLC. One of the members, Bruce Christopher Cope, is a co-Plaintiff with Avalon. Defendant H. Granville Smith is the managing member of Avalon. Cope claims that Smith was negligent in his management of Avalon, and that he made material misrepresentations regarding a hotel construction project. The third Plaintiff, Ike W. Thrash, alleges that Smith fraudulently induced him to purchase Smith's interest in the hotel project. The Plaintiffs seek cancellation of a $400,000 promissory note given by Cope and Thrash to purchase Smith's interest, and an award of compensatory and punitive damages.

Prior to the initiation of this lawsuit, Smith filed an action in the Circuit Court of

Mobile County, Alabama. *Smith v. Cope*, No. CV-2010-901804 (Cir. Ct. Mobile Cnty., Ala. Aug. 9, 2010). In that case, Smith claimed that Cope was in default under the promissory note, and sought payment of all sums due. Def. Mot. Dismiss Ex. 1, ECF No. 4-1. The Mobile County Circuit Court denied Cope's challenge to personal jurisdiction, after which he filed an answer and asserted negligence and fraud counterclaims against Smith. *See id.* Ex. 1 & 2, ECF No. 14-1, 14-2.

## DISCUSSION

Smith contends that Cope's claims in this case are compulsory counterclaims that have now been filed in the Mobile County lawsuit, and therefore should be dismissed from this lawsuit.[1] Def. Supp. Memo. 1, ECF No. 14. However, the mere existence of some parallel claims does not support Smith's request for dismissal, because "concurrent state and federal proceedings are generally tolerated." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 371 (5th Cir. 1995). When a lawsuit involves a request for monetary or other relief, federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given to them, and "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976). A federal district court may decline to exercise its jurisdiction because of parallel state-court litigation only in exceptional circumstances. *Id.* at 818-819. If the proceedings are parallel, the court must engage in a six-factor analysis to determine whether exceptional

---

[1] Smith does not request that Thrash and/or Avalon's claims be dismissed or stayed. Def. Supp. Memo. 2, ECF No. 14.

circumstances support deference to the state court. *Am. Guar. & Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 251 n.11 (5th Cir. 2005) (citations omitted).

The Court may only exercise its discretion to dismiss or stay where the state and federal proceedings are parallel. *Id.* at 251. The two actions at issue here are not parallel, because they do not involve the same parties and the same issues. *Id.*; *see also Mendiola v. Hart*, 561 F.2d 1207, 1208 (5th Cir. 1977) ("the same parties and issues"). It is true that Smith and Cope are common parties, and Cope's claims against Smith are common to the lawsuits, but this lawsuit also includes the allegations of two other parties against Smith on separate grounds. And, at this point, Smith's claim that Cope has defaulted on the note is not a part of this lawsuit. Thus, there are both parties and claims that are not common to the two lawsuits. Accordingly, the weighing of the six factors is neither appropriate nor necessary; consideration of the factors is appropriate only after the Court determines that it has discretion to abstain from exercising jurisdiction over a case pending before it. *See Diamond Offshore Co. v. A & B Builders, Inc.*, 302 F.3d 531, 540 (5th Cir. 2002); *Kelly Inv., Inc. v. Cont'l Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002). The Court has no such discretion in this case.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Defendant's Motion [4] to Dismiss or Stay is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 23rd day of September 2011.

s/*Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief United States District Judge